O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 11-00072 DDP |
|---|---|
| Plaintiff, | ) **ORDER CLARIFYING COURT'S RULING** |
| | ) **DENYING DEFENDANTS' MOTION TO** |
| v. | ) **SUPPRESS WIRETAP EVIDENCE AND** |
| | ) **DERIVATIVE EVIDENCE** |
| MHER DARBINYAN, et al., | ) [Docket Nos. 1535, 1542, 1547, |
| | ) 1553, 1557, 1562, 1569, 1575, |
| Defendants. | ) 1580, 1581, 1589, 1652, 1669, |
| | ) 1771, 1773, 1774, 1780] |

On June 1, 2012, this court held a hearing on Defendants' Motion to Suppress Wiretap Evidence and Derivative Evidence ("Motion"). The court ruled on Defendants' Motion from the bench, denying the Motion. Having reviewed the hearing transcript, the court hereby clarifies one of its findings.

As to necessity for the wiretap, the court finds that a reasonable issuing judge could <u>not</u> have denied the application for lack of necessity, even if the judge had been presented with Defendants' version of the relevant facts. See <u>U.S. v. Blackmon</u>, 273 F.3d 1204, 1208 (9th Cir. 2001) ("If an application contains inaccuracies or significant omissions, the court must determine the

facts relying on credible evidence produced at the suppression hearing to determine whether a 'reasonable [issuing] judge could have denied the application because necessity for the wiretap had not been shown.'"  (quoting <u>United States v. Ippolito</u>, 774 F.2d 1482, 1486-87 (9th Cir. 1985))).

IT IS SO ORDERED.


Dated: June 6, 2012

DEAN D. PREGERSON
United States District Judge