O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMAN TANGABEKYAN, | ) | Case No. CV 15-5338 |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PETITIONER'S** |
| | ) | **MOTION FOR RECONSIDERATION** |
| v. | ) | |
| | ) | [Dkt. 7] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

Presently before the court is Petitioner's Motion to Set Aside a Previous § 2255 Judgment pursuant to Fed. R. Civ. P. 60(b)(4) & (6). (Dkt. 7.) Having reviewed the submission, the court DENIES the Motion.

Petitioner pled guilty to a racketeering conspiracy, bank fraud, and aggravated identity theft. (Dkt. 1 at 1 ¶¶ 4-5.) Petitioner was sentenced to eighty-two months in prison on September 19, 2014. (*Id.* ¶¶ 2-3.) There was no direct appeal. (*Id.* at 1-5.) Petitioner filed his section 2255 motion on July 13, 2015. (*Id.* at 1.) Among the claims raised in the Motion, Petitioner argued that his defense counsel provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights by failing to object to the inclusion of prior state court drug conviction in his pre-sentence report

1  (PSR), which resulted in a higher criminal history category. (*Id*. at 5.) Specifically,
2  Petitioner contended that the prior conviction should not count as a prior conviction
3  because it was a deferred entry of judgment for possession of a controlled substance. (Id.)
4  On February 10, 2016, the Court denied the Motion and, on this point, explained that
5  "despite Petitioner's diversionary disposition of a deferred entry of judgment, the
6  conviction still counts a sentence under the Guidelines because it arose from an
7  admission of guilt." (Dkt. 5 at 5.) On May 17, 2016, the court denied a certificate of
8  appealability. (Dkt. 6.)
9        Petitioner filed the instant motion for reconsideration on February 23, 2017. (Dkt.
10 7.) The gravamen of Petitioner's motion is that the court's Order failed to consider the
11 Ninth Circuit's decision in *United States v. Suarez*, 682 F.3d 1214, 1222 (2012), which
12 provided that a deferred judgment like Petitioner's does not qualify as a prior conviction
13 under the Sentencing Guidelines.
14       Rule 60(b) provides that a district court "may relieve a party or its legal
15 representative from a final judgment, order, or proceeding" for any one of certain
16 enumerated grounds. Fed. R. Civ. P. 60(b). Ordinarily, a federal prisoner challenging the
17 legality of his sentence must do so by a motion under 28 U.S.C. § 2255, filed in the
18 sentencing court. 28 U.S.C. § 2255(a); see *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir.
19 2008). The prisoner may not bring a second section 2255 motion unless he meets the
20 specific requirements of section 2255(h) and obtains authorization to file a "second or
21 successive motion" from the court of appeals. *United States v. Washington*, 653 F.3d 1057,
22 1059 (9th Cir.2011). He cannot avoid this requirement by characterizing his motion as a
23 Rule 60(b) motion. Id. at 1059–60; *United States v. Hernandes*, 708 F.3d 680, 681 (9th Cir.
24 2013).
25       When a federal prisoner brings a Rule 60(b) motion that arguably attacks his
26 conviction or sentence, the district court must determine whether the motion is a proper
27 Rule 60(b) motion or a section 2255 motion in disguise. *See Gonzalez v. Crosby*, 545 U.S.
28 524, 532–33. Although the dividing line is not always precise, a disguised section 2255

motion asserts substantive claims, while a Rule 60(b) motion asserts some defect in the integrity of the federal habeas proceedings. *Gonzalez*, 545 U.S. at 532; *Hernandes*, 708 F.3d at 681. In the Motion for Reconsideration, Petitioner explains that "the instant motion clearly presents a 'true' 60(b) claim because it is only challenging the [sic] the district court's determination in denying petitioner's § 2255 was not substantially justified where its legal position clearly offends existing precedent on the same issue . . . ." (Dkt. 7 at 1-2.) This essentially concedes that the motion at issue is a substantive rather than procedural challenge to the district court's prior Order. Thus, the court must conclude that section 2255(h) applies. Given that Petitioner has not received permission from the court of appeals to file a successive section 2255 petition, the district court is without jurisdiction to consider the instant motion. *See Washington*, 653 F.3d at 1065.[1]

**IT IS SO ORDERED.**

Dated: March 8, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Petitioner's argument is properly considered as a Rule 60(b) motion rather than a second successive habeas petition, the court would nonetheless deny the motion. The case Petitioner contends that the court failed to consider addresses whether a deferred entry of judgment qualifies as a prior conviction under a statute referring to "prior conviction[s] [that] have 'become final.'" *Suarez*, 682 F.3d 1214, 1220 (9th Cir. 2012) (quoting 21 U.S.C. § 841(b)(1)(A))). The *Suarez* panel expressly distinguished statutes that did not include such language. *Id.* The provision at issue here has no similar limitation; thus, the *Suarez* holding can be distinguished.